Filed 10/21/13  P. v. Garcia CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSE JOSEPH GARCIA,<br><br>    Defendant and Appellant. | 2d Crim. No. B247535<br>(Super. Ct. No. 2012028112)<br>(Ventura County) |

After driving his car into a group of people and seriously injuring one, Jesse Joseph Garcia pled guilty to two counts of assault with a deadly weapon.  (Pen. Code, § 245, subd. (a)(1).)  He admitted that he inflicted great bodily injury during the commission of one count.  (§ 12022.7, subd. (a).)  He contends the court abused its discretion when it denied his request for probation because he was young, he did not have a significant record of prior criminal offenses, and other people provoked him.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

While driving his car, Garcia had a disagreement with a passenger in another car, Kevin Breehl-Paton.  They got out of the cars and exchanged insults.  Garcia had a taser gun.  Breehl-Paton had an air gun.  They argued for about 15 minutes and Garcia got back in his car.  At the preliminary hearing, Breehl-Paton's companions, Teri Nace and Miichaela Nace, described what they saw.

When Garcia started to drive away, Breehl-Paton either hit Garcia's car or made a gesture toward it. Garcia stopped the car. Breehl-Paton leaned into the open passenger window of Garcia's car and tried to hit him. Garcia tried to "taser" Breehl-Paton. Breehl-Paton swore and walked away, rejoining Teri and Miichaela Nace.

Garcia turned his car and drove it quickly toward the group. Garcia later said he "floored it." He hit Teri Nace. Garcia saw her on the ground, but drove away. Garcia went to the police station with his mother and reported what had happened. Just before he was arrested, he wrote a letter of apology to Teri Nace, in which he said, "I'm really sorry, and I didn't mean to hit you. I was just trying to scare the guy."

Three months earlier, when Garcia was a juvenile, he had been caught with cocaine in his car, for which the juvenile court sustained a petition for violation of Health and Safety Code section 11350, subdivision (a). He had no other criminal history. He expressed remorse.

A felony complaint initially charged Garcia with three counts of attempted murder, with great bodily injury enhancements, and one count of leaving the scene of an accident. An amended information charged him with three counts of assault with a deadly weapon. He pled guilty to one count of assault with a deadly weapon upon Teri Nace with great bodily injury and one count of assault with a deadly weapon upon Breehl-Paton. The remaining count was dismissed. On the plea form, he acknowledged that the bodily injury admission would make him ineligible for probation unless the court found it was an unusual case in which the interests of justice would best be served by granting probation.

At sentencing, friends and family members submitted letters in support of probation. They described Garcia as a good person and a safe driver.

The court sentenced Garcia to five years in state prison consisting of the lower two-year term for the assault on Teri Nace, a consecutive three-year term for infliction of great bodily harm upon her, and the lower two-year term for the remaining count stayed pursuant to Penal Code section 654.

DISCUSSION

A person who willfully inflicts great bodily injury is not ineligible for probation "[e]xcept in unusual cases where the interests of justice would best be served if the person is granted probation."  (Pen. Code, § 1203, subd. (e)(3).)  In determining whether the case is unusual, the trial court must consider criteria set forth in rule 4.413(c) of the California Rules of Court.[1]

We review the trial court's determination whether a case is "unusual" for abuse of discretion.  (*People v. Stuart* (2007) 156 Cal.App.4th 165, 179.)  The trial court is presumed to have acted to achieve legitimate sentencing objectives and we reverse

_____

[1] Unless otherwise indicated all further rule references are to the California rules of Court.

The full criteria for determining whether a case is "unusual" under rule 4.413 are:

"(c) Facts showing unusual case

The following facts may indicate the existence of an unusual case in which probation may be granted if otherwise appropriate:

(1) *Facts relating to basis for limitation on probation*

A fact or circumstance indicating that the basis for the statutory limitation on probation, although technically present, is not fully applicable to the case, including:

(A) The fact or circumstance giving rise to the limitation on probation is, in this case, substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence; and

(B) The current offense is less serious than a prior felony conviction that is the cause of the limitation on probation, and the defendant has been free from incarceration and serious violation of the law for a substantial time before the current offense.

(2) *Facts limiting defendant's culpability*

A fact or circumstance not amounting to a defense, but reducing the defendant's culpability for the offense, including:

(A) The defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant has no recent record of committing crimes of violence;

(B) The crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation; and

(C) The defendant is youthful or aged, and has no significant record of prior criminal offenses."

3

only if the determination is so irrational or arbitrary that no reasonable person could agree with it. (*Ibid.*) The record demonstrates that the trial court understood the criteria and applied them in a wholly rational manner.

Under the applicable criteria, a case may be unusual if the "fact . . . giving rise to the limitation on probation is . . . substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence." (Rule 4.413(c)(1)(A).) Garcia had no record of similar or violent crimes, but the injury he inflicted on Teri Nace was not less serious than in typical cases of great bodily injury. The impact of Garcia's car broke Teri Nace's left tibia and fibula, tore her meniscus in her right knee, and punctured her right arm. She also required stitches to her shoulder and behind her left ear. She walked with a cane for two months.

A case may be unusual if the defendant "participated in the crime under circumstances of great provocation . . . not amounting to a defense, and the defendant has no recent record of committing crimes of violence." (Rule 4.413(c)(2)(A).) Teri Nace did nothing to provoke Garcia. Breehl-Paton may have provoked Garcia because he exchanged insults with Garcia, and he reached into Garcia's car to try to hit him. But whether this provocation was "great" was a factual determination for the trial court to which we must defer. The testimony of three witnesses at the preliminary hearing established that Garcia was always free to drive away from Breehl-Paton and that Teri Nace did not participate in any part of the confrontation. But even if the trial court had found that the provocation by Breehl-Paton was great, the court was not required to grant probation. "[T]he existence of any of the listed facts does not necessarily establish an unusual case; rather, those facts merely '*may* indicate the existence of an unusual case.'" (*People v. Stuart, supra,* 156 Cal.App.4th at p. 178, quoting rule 4.413(c).)

A case may be unusual if "[t]he defendant is youthful or aged, and has no significant record of prior criminal offenses." (Rule 4.413(c)(2)(C).) Defendant was youthful. He committed this crime on August 2, 2012, about two months after his 18th birthday on June 2. His only other criminal offense was insignificant, although it was

4

recent.  But youth alone does not entitle Garcia to probation.  "[T]he trial court may but is not required to find the case unusual if the relevant criterion is met under each of the subdivisions."  (*People v. Cattaneo* (1990) 217 Cal.App.3d 1577, 1587.)  A reasonable person could conclude that this was not an unusual case of great bodily injury, given the extensive injuries Garcia inflicted on an innocent victim in a deliberate attempt "to scare" her companion.

Garcia argues that he is suitable for probation because he is willing and able to comply with its terms, because imprisonment would have an adverse effect on his life, and because he is remorseful, as demonstrated by the probation department's sentencing report and numerous letters to the court.  (Rule 4.414 (b)(3), (4) & (5).)  But "mere suitability for probation does not overcome the presumptive bar set out in [Penal Code] section[] 1203."  (*People v. Superior Court* (*Dorsey*) (1996) 50 Cal.App.4th 1216, 1229.)

Based on all the facts and circumstances of the case, the trial court did not abuse its discretion when it determined that Garcia had not overcome the presumption against probation by demonstrating that this was an unusual case where the interest of justice would best be served by granting probation.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Seth P. McCutcheon, Deputy Attorney General, for Plaintiff and Respondent.